J-A10013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LAWYERS FUNDING GROUP, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN MARTUCCI, JR., ESQ., | : | |
| MARTUCCI LAW OFFICES, LLC., | : | |
| STEVEN F. MARINO, AND  MARINO & | : | No. 1519 EDA 2020 |
| ASSOCIATES, PC | : | |
| | : | |
| | : | |
| APPEAL OF: JOHN MARTUCCI, JR., | : | |
| ESQ., AND MARTUCCI LAW OFFICES, | : | |
| LLC | : | |

Appeal from the Order Entered July 16, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 160400915

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    Filed: October 7, 2021

John Martucci, Jr., Esq. and Martucci Law Offices, LLC., (collectively, "Judgment Debtors") seek to have counsel for Lawyer's Funding Group, LLC, ("LFG") disqualified from this action to enforce a judgment that LFG obtained against Judgment Debtors for breach of contract. We affirm.

The facts of this matter span the course of a decade. Beginning in 2011 Judgment Debtors entered into several agreements to sell their accounts receivable to LFG. On April 11, 2016, LFG filed a civil complaint against

_____

[*] Retired Senior Judge assigned to the Superior Court.

Judgment Debtors alleging breach of contract and Judgment Debtors failed to meaningfully participate in discovery. Consequently, the trial court entered an order directing that if Martucci did not appear for a deposition, judgment would be entered against the Judgment Debtors.

Martucci did not appear for the deposition, and on March 1, 2017, LFG filed a motion for judgment, which the trial court granted on March 24, 2017. The trial court held an assessment of damages hearing on April 3, 2017, and assessed damages against Judgment Debtors jointly and severally, in the amount of $229,875.97. Judgment Debtors did not seek to open or strike the judgment.[1]

On April 6, 2018, David Denenberg, Esquire, entered his appearance on behalf of LFG for the purpose of executing on the judgment. Attorney Denenberg filed a writ of execution in attachment upon Garnishee Eisenberg Rothweiler Winkler Eisenberg & Jeck, P.C., a law firm holding a referral fee for Judgment Debtors. A judgment by admission against the garnishee law firm was entered on August 16, 2018, in the amount of $106,666.67, and a partial satisfaction of the judgment was filed.

On March 17, 2020, Attorney Denenberg filed a motion for discovery in aid of execution, and Judgment Debtors failed to respond. Thereafter, the

---

[1] On June 22, 2017, a discontinuance was entered with regard to Steven F. Marino and Marino and Associates, PC.

motion was granted. Subsequently, Judgment Debtors filed a motion to disqualify Attorney Denenberg as counsel for LFG. Attorney Denenberg filed a response, and on July 16, 2020, the trial court denied the motion to disqualify. Judgment Debtors then filed this timely appeal.

In their sole issue, Judgment Debtors allege that the trial court improperly denied the motion for disqualification. Judgment Debtors contend that they presented sufficient facts of Attorney Denenberg's prior representation of Martucci to compel the trial court to hold a hearing and grant the motion to disqualify. We disagree.

"When reviewing a trial court's order on disqualification of counsel, we employ a plenary standard of review." **Weber v. Lancaster Newspapers, Inc.**, 878 A.2d 63, 80 (Pa. Super. 2005) (citation omitted). The Pennsylvania Rules of Professional Conduct govern the practice of law in the Commonwealth. However, they were not intended to create substantive law applicable outside disciplinary proceedings. **See** Pa.R.P.C., Preamble and Scope, at ¶ 18, 19. The Rules prohibit a lawyer from prosecuting a case against a former client if the case is substantially related to an issue pertinent to the representation of the former client. **See** Pa.R.P.C. 1.9(a).

A court may sanction an attorney who violates the Rules. **See McCarthy v. SEPTA**, 772 A.2d 987, 991 (Pa. Super. 2001). Possible sanctions include disqualification. **See id**. However, "courts should not lightly interfere with the

- 3 -

right to counsel of one's choice." **Weber**, 878 A.2d at 80 (citation omitted). Therefore, "[a] court's authority to disqualify counsel based on [the] Rules of Professional Conduct is limited." **McCarthy**, 772 A.2d at 991. Disqualification is only proper when due process requires it. **See id**.

Rule 1.9 is a recognition of the common law duty lawyers owe to their current and former clients. **See Dougherty v. Philadelphia Newspapers, LLC**, 85 A.3d 1082, 1086-87 (Pa. Super. 2014). The duty encompasses confidentiality and avoidance of conflicts of interest. **See id**. As such, a "breach of such duty is actionable." **Id**. (citation omitted). Accordingly, a court may disqualify an attorney whose representation constitutes a breach of the duty of confidentiality and loyalty to a former client. **See id**., at 1087.

To establish grounds for disqualification, the former client must establish three elements. First, the attorney's current representation is adverse to the relationship established with the former client. **See id**. Second, the subject matter of the current case is substantially related to the subject matter of the previous representation. **See id**. And finally, the attorney acquired knowledge of confidential information about the prior client during the prior representation. **See id**.

Here, the trial court denied the motion to disqualify based upon Judgment Debtors' failure to properly plead facts that would support the motion. As the trial court aptly stated, "[Judgment Debtors have] not

produced a scintilla of evidence to justify the present motion." Order, 7/16/20, at 1 n.1. We agree.

Upon reviewing the certified record, particularly the motion filed by Judgment Debtors, we are struck by the failure to offer any salient facts that would support the three elements necessary to grant disqualification pursuant to **Dougherty**. Rather, in their motion to disqualify, Judgment Debtors make bald and nonspecific statements about alleged prior representation by Attorney Denenberg. For instance, Judgment Debtors offered the following generic statement: "[Attorney Denenberg] throughout the years has represented [Judgment Debtors] in various forms, for example in a commercial Landlord/Tenant action filed by Richard Doty, Esquire, many years ago." Motion, 6/22/20, at ¶ 70. Judgment Debtors' generic statements continued with allegations such as, "[Attorney Denenberg's] representations always surrounded debt collections and rental issues." *Id*. at ¶ 71. Missing from Judgment Debtors' pleading is any distinct reference to a particular case or cases that would compel disqualification. In fact, Judgment Debtors only reference one party to an alleged case, employing the following statement: "[Attorney Denenberg] has represented [Judgment Debtors] in previous debt related matters, including a matter in Philadelphia Municipal Court involving One Penn Center." *Id*. at ¶ 102. However, Judgment Debtors fail to offer any specific information about that case, such as a docket number, dates, or any additional information that would substantiate the allegation in the pleading.

Rather, Judgment Debtors include the following language in a footnote to justify the lapse in specificity:

> [9] [Attorney Denenberg] was, upon all information and belief, paid five hundred dollars and no cents ($500.00) for his representation. The dockets are not readily available due to age and those files due to age may have been destroyed.

*Id*. at n.9.

The dearth of substantiating evidence compels our conclusion that the trial court correctly held that disqualification was not proper. Indeed, Judgment Debtors failed to plead any specific facts that would support any one of the three required elements necessary to grant disqualification. The omission on the part of Judgment Debtors is particularly disconcerting because Judgment Debtors should have had actual knowledge of the facts that purportedly formed the basis of the motion. Consequently, we discern no error on the part of the trial court in denying the motion for disqualification of counsel.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/21